Slip Op. 20-112

## UNITED STATES COURT OF INTERNATIONAL TRADE

DANZE, INC.,

                  Plaintiff,

      v.

UNITED STATES,

                  Defendant,

Before: Mark A. Barnett, Judge
Court No. 15-00033 and the
cases identified in the Annex
attached hereto

## OPINION AND ORDER

[Plaintiff's motions for test case designation and suspension are denied.  The court adopts Plaintiff's proposal for consolidating certain cases and staying certain cases.]

Dated:  August 7, 2020

John M. Peterson and Patrick B. Klein, Neville Peterson LLP, of New York, NY, for Plaintiff Danze, Inc.

Edward F. Kenny, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, and Justin R. Miller, Attorney-In-Charge, International Trade Field Office.  Of counsel was Sheryl A. French, Attorney, U.S. Customs and Border Protection.

Barnett, Judge:  This matter is before the court on Plaintiff Danze, Inc.'s

("Danze") two motions to designate this case as a test case and suspend 13 cases

thereunder.  See Pl.'s Mot. to Designate a Test Case and to Suspend Actions

Thereunder ("Danze's First Mot."), ECF No. 13; Pl.'s Unopposed Mot. to Designate a

Test Case and to Suspend Actions Thereunder ("Danze's Second Mot."), ECF No. 33.

On July 8, 2020, the court held a telephonic conference with the Parties and denied Danze's First and Second Motions and indicated its intention to consolidate as many as all 14 of the pending cases.  Order (July 8, 2020), ECF No. 36.  The court requested the Parties to inform the court whether any cases should not be consolidated and the reasons therefore.  *Id*.  On July 17, 2020, Danze filed a consent proposal requesting that the court combine the 14 cases into three consolidated cases.  *See* Pl.'s Status Report Pursuant to Court Order and Pl.'s Consent Mot. for Consol. of Cases ("Danze's Status Report") at 1, ECF No. 38.  The court now explains its reasons for denying the motions for test case designation and consolidates the 14 cases into three in accordance with the Parties' proposal.

BACKGROUND

In February 2016, the court suspended this case and several others under the test case *Danze, Inc. v. United States*, Court No. 13-00381 ("Court No. 13-00381").  *See* Order (Feb. 19, 2016), ECF No. 10.  At issue in that case was the tariff classification of imported toilets.  When installed with the included toilet seat, the height of Danze's toilets "from the finished floor to the top of the toilet seat was at least 17 inches."  *Danze, Inc. v. United States*, 42 CIT ___, ___, 319 F. Supp. 3d 1312, 1317 (2018).  This, along with other factors, including the height of the flushing handle and the amount of force required to flush the toilet, allowed the toilet to be advertised as compliant with the Americans with Disabilities Act.  *Id*. at 1318.

In Court No. 13-00381, the Government maintained that U.S. Customs and Border Protection "correctly classified the merchandise under subheading 6010.10.00,

HTSUS."  *Id.* at 1315.  While Danze did not dispute that primary classification, Danze

contended that its toilets were secondarily eligible for classification under subheading

9817.00.96 of the Harmonized Tariff Schedule of the United States ("HTSUS") and duty-

free entry "because the products were specially designed to meet the requirements of

the Americans with Disabilities Act of 1990."  *See id*.

Upon consideration of the Parties' cross-motions for summary judgment, the

court denied Danze's motion and granted Defendant United States' ("the Government")

motion.  *Id.* at 1327.  The court found that the subject merchandise was not "specially

designed for the use or benefit of handicapped persons" and did not qualify for duty-free

treatment pursuant to HTSUS subheading 9817.00.96.  *Id.* at 1324.  While Danze

initially appealed the court's ruling, the Parties voluntarily dismissed the appeal.  *See*

Court. No. 13-00381, Order of Dismissal from the U.S. Court of Appeals for the Federal

Circuit (Oct. 16, 2018), ECF No. 50.

On October 30, 2019, Danze moved pursuant to U.S. Court of International

Trade ("USCIT") Rule 83 to designate this action as a test case and to suspend 13

cases thereunder.[1]  *See* Danze's First Mot.  The Government objected to the motion,

arguing that Danze was seeking to relitigate the previous test case and had not

identified a new common legal issue in the cases proposed for suspension.  *See* Def.'s

Opp'n to Pl.'s Mot. to Designate a Test Case and Suspend Actions Thereunder, ECF

---

[1] Danze's First and Second Motions cite USCIT Rule 84.  Danze's First Mot. at 1;
Danze's Second Mot. at 1.  USCIT Rule 84 was incorporated into USCIT Rule 83(e)–(l)
on October 23, 2017.  USCIT Rule 84.

No. 14.  The court held a status conference with the Parties on December 4, 2019, and deferred ruling on Danze's motion pending Danze filing a renewed motion for test case designation that addressed issues discussed at the status conference.  *See* Docket Entry (Dec. 4, 2019), ECF No. 16.

On June 5, 2020, Danze filed its second motion for test case designation and suspension.  *See* Danze's Second Mot.  Therein, Danze claimed that the U.S. Court of Appeals for the Federal Circuit recently "adopted a new standard for interpreting [HTSUS] subheading 9817.00.96 in [*Sigvaris, Inc. v. United States*, 899 F.3d 1308 (Fed. Cir. 2018)]."  *Id.* at 3.  Danze contended that the first test case did not focus on the design of the toilets because *Sigvaris* had not been decided; thus, there were new grounds to litigate factual and legal issues not previously decided.  *Id.* at 3–4.  The Government did not oppose Danze's Second Motion but maintained "that this proposed test case is merely a [re]litigation, albeit with different entries, of the prior test case."  *Id.* at 4.

As noted above, the court denied the motions for test case designation and ordered the parties to indicate whether any of the 14 cases should not be consolidated into a single action.  On July 17, 2020, Danze proposed consolidating seven cases (Court Nos. 15-00033, 13-00379, 13-00382, 13-00383, 14-00177, 14-00324, and 15-00211) filed by Danze and its affiliated company Gerber Plumbing Fixtures, LLC ("Gerber").  Danze's Status Report at 1.  Danze also proposed that the six cases filed by AS America, Inc. ("AS America") (Court Nos. 14-00164, 14-00231, 15-00223, 15-00280, 16-00111, 19-00023), be consolidated in a separate case and that the consolidated AS

America case and the single Western Pottery Group Inc. ("Western Pottery") case

(Court No. 15-00274) be stayed pending resolution of the consolidated Danze/Gerber

case.  *Id.*[2]  Danze also represents that all plaintiffs "intend to abandon any claims

relating to sinks in the involved cases."  *Id.* at 4.

JURISDICTION

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a).

DISCUSSION

I.   **Legal Framework**

Both test case designation and consolidation "serve to achieve economies of

time, effort and expense, and to promote uniformity of decisions" by resolving "a

common question of law or fact" shared by multiple cases.  *Generra Sportswear, Inc. v.*

*United States*, 16 CIT 313, 314 (1992).  In consolidation, various actions are merged

into a single action, and "the final decision in [that] action has binding legal effect on all

of the merged actions."  *Id.*; *see also* USCIT Rule 42(a).  In a test case, "the suspended

actions maintain their separate identities" such that the disposition of the test case "is

---

[2] Danze's proposed order requests that the AS America cases be consolidated under
the Danze case.  *See* Danze's Status Report, Proposed Order (proposing that the AS
America court numbers be consolidated under the lead case 15-00033 (i.e., Danze)).
However, in its status report Danze clearly requests that the Gerber cases be
consolidated under the Danze case, *id.* at 1–2, 5, and that the AS America cases be
consolidated in a separate action, *id.* at 1, 3, 5.  Thus, the court construes the proposed
consolidations and suspensions in Danze's proposed order as an inadvertent error to
the extent it is inconsistent with Danze's Status Report.

not necessarily legally binding on the suspended actions."  *Generra*, 16 CIT at 314; *see also* USCIT Rule 83(e).

Consolidation is preferable to test case designation when the cases at issue share "a single discreet factual issue" with little variation between the entries involved. *Junior Gallery, Ltd. v. United States*, 16 CIT 687, 689 (1992).  However, consolidation is "not appropriate when the actions are so numerous that consolidation will complicate discovery, [or] make trial preparation overly burdensome."  *Peg Bandage, Inc. v. United States,* 16 CIT 319, 321 (1992) (citation omitted).  Thus, the test case procedure "is preferable when consolidation poses a potential for an unwieldly and chaotic proceeding."  *A.T. Clayton & Co. v. United States*, 16 CIT 456, 458 (1992) (citation omitted).

Nevertheless, the purpose of a test case is not "to create a reservoir of future litigation"; but "to encourage disposition in accordance with [the] test case[]."  *Intercontinental Fibres Inc. v. United States,* 2 CIT 133, 135 (1981).  Consequently, when identical or nearly identical issues have been fully litigated in a test case, but the parties have not used the disposition of that test case to facilitate a final disposition of the suspended actions, it is incumbent upon the court to consider carefully whether repetition of the test case procedure will lead to the just, speedy, and inexpensive resolution of the actions.[3]  *Cf. Junior Gallery*, 16 CIT at 690 (expressing "reluctan[ce] to

---

[3] When considering whether test case designation or consolidation is most appropriate, the court is mindful that, in customs law, prior related litigation is generally not afforded preclusive effect.  *See United States v. Stone & Downer Co.*, 274 U.S. 225, 233–37

suspend th[e] cases once again," when the disposition of the first test case should have

caused those cases to settle).

## II.   Test Case Designation and Suspension

Here, judicial economy would not be served by granting Danze's motions for test

case designation and suspension.  This case and eight of the cases for which Danze

requests suspension were previously suspended under the first test case.  Following the

resolution of that case, Danze did not use that judicial determination to facilitate the

disposition of the cases suspended thereunder.

Instead, Danze seeks to continue litigating these cases based on its legal theory

that *Sigvaris* announced a standard that renders the original design of the subject

merchandise relevant.  If Danze is permitted to proceed with a test case, none of the

cases suspended thereunder would be decided in the disposition of that test case and

Danze could seek to litigate additional suspended cases on other theories.  Upon

consideration of Danze's motions, the court is not persuaded that test case designation

and suspension is the most efficient method of reaching a final disposition of these

cases.  *See Junior Gallery*, 16 CIT at 690.

By consolidating some or all of the cases proposed for suspension, those cases

would be conclusively decided upon the disposition of the consolidated action.  These

cases satisfy the consolidation requirement of a shared issue of law or fact: whether

---

(1927) (holding that, in customs law, a decision in one case does not serve as *res judicata* in respect of subsequent importations involving the same issue of fact and question of law).  Thus, neither the court's denial of the test case motions nor the consolidation of the cases as set forth in this Opinion implicates *res judicata* with respect to issues litigated in Court No. 13-00381.

Danze's toilet bowls, which are 16½ to 17 inches high, are classifiable under HTSUS

subheading 9817.00.96.  *See* Danze's Second Mot. at 1–2.  Thus, "consolidation will

enable the court to meet its responsibility to manage [its] dockets to provide for the

efficient and expeditious termination of controversies."  *Peg Bandage*, 16 CIT at 320

(alteration in original) (citation omitted).

The court is unconvinced by Danze's suggestion that because "the instant

actions involve a relatively large number of individual import entries[,] . . . consolidation

would be likely to produce an action which is unwieldly."  Danze's Second Mot. at 3.

The circumstances of the instant action do not raise concerns of "unwieldy and chaotic"

proceedings found in other cases.  *See, e.g.*, *Peg Bandage*, 16 CIT at 321 (discussing

circumstances under which consolidation has been disfavored and finding that such

circumstances were not present when the "actions involve[d] identical parties, counsel,

legal claims, and imported merchandise").  Indeed, the court in *Junior Gallery* stated

that concerns of "unwieldly and chaotic" proceedings were not "well-founded" in that

case, 16 CIT at 689, which consolidated 96 cases involving different types of

merchandise and four plaintiffs, *id.* at 687, 691.  By contrast, this case is much less

complex: there are just 14 cases that all involve the same "subject bowls" and all

plaintiffs are represented by the same counsel.  *See* Danze's Second Mot. at 1, Sched.

A.  Thus, Danze's concerns do not demonstrate that consolidation will result in chaotic

or unwieldly proceedings.

### III.    Consolidation

In response to the court's order, Danze proposed a consolidated action involving seven Danze and Gerber cases.  Danze also proposed that the six cases involving AS America be consolidated in a separate action, and that such action, and a single Western Pottery case, be stayed pending resolution of the consolidated Danze/Gerber case.  *See* Danze's Status Report at 1.

Danze contends that because Danze and Gerber are part of the same corporate group and AS America and Western Pottery are separate plaintiffs, consolidation into three different cases is the most effective way to proceed.  *See* Danze's Status Report at 2.  Danze asserts that cross-party consolidation "would likely produce an unwieldy and chaotic case," necessitating efforts to shield confidential business information from disclosure across plaintiffs and to depose multiple company representatives pursuant to USCIT Rule 30(b)(6).  *Id.* at 3.  Danze also submits that it is likely that final adjudication of the Danze/Gerber case will lead to the quick resolution of the other two cases, either through the plaintiffs declining to litigate or through stipulated judgments.  *Id.* at 4. While the court questions whether a single consolidated case would be "unwieldy and chaotic," the court accepts that such a case would be more challenging than the proposed three-way consolidation given the need for separate corporate witnesses and to maintain confidentiality among the plaintiffs, and the representations that resolution of the consolidated Danze/Gerber case should permit the parties to resolve the remaining cases.  Therefore, the court accepts the consent proposal for consolidation into three cases.

### CONCLUSION AND ORDER

In sum, judicial economy and the public interest in expeditious determination of these customs law disputes will best be served by consolidating these cases rather than by test case designation and suspension procedures.  Thus, during the July 8, 2020 telephonic status conference, Danze's First Motion, ECF No. 13, and Danze's Second Motion, ECF No. 33, were **DENIED**.  *See* Order (July 8, 2020), ECF No. 36. Furthermore, pursuant to the proposal of the parties in Danze's Status Report, it is hereby:

**ORDERED** that the cases identified in "Group A" of the Annex attached hereto are consolidated under this lead case, *Danze, Inc. v. United States*, Consolidated Court No. 15-00033; and it is further

**ORDERED** that the cases identified in "Group B" of the Annex attached hereto are consolidated under the lead case, *AS America, Inc. v. United States*, Consolidated Court No. 14-00164; and it is further

**ORDERED** that the case identified in "Group C" of the Annex attached hereto shall neither be consolidated nor suspended under either of these cases; and it is further

**ORDERED** that *AS America, Inc. v. United States*, Consolidated Case No. 14-00164, and *Western Pottery Group Inc. v. United States*, Court No. 15-00274, shall be stayed pending the resolution of *Danze, Inc v. United States*, Consolidated Court No. 15-00033, and the Parties to those cases must file a Joint Status Reports in each case

Court Nos. 15-00033, *et al.*                                          Page 11

within 75 days of this court's resolution of *Danze, Inc. v. United States*, Consolidated

Court No. 15-00033.


                                        /s/      Mark A. Barnett
                                         Mark A. Barnett, Judge

Dated: August 7, 2020
        New York, New York

**Annex**

**GROUP A**: Consolidated: Danze, Inc. and Gerber Plumbing Fixtures LLC

*Danze, Inc. v. United States,* Court No. 15-00033;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 13-00379;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 13-00382;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 13-00383;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 14-00177;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 14-00324;

*Gerber Plumbing Fixtures LLC v. United States*, Court No. 15-00211.


**GROUP B**: Consolidated: AS, America Inc.

*AS America, Inc. v. United States*, Court No. 14-00164;

*AS America, Inc. v. United States*, Court No. 14-00231;

*AS America, Inc. v. United States*, Court No. 15-00223;

*AS America, Inc. v. United States*, Court No. 15-00280;

*AS America, Inc. v. United States*, Court No. 16-00111;

*AS America, Inc. v. United States*, Court No. 19-00023.


**GROUP C**: Western Pottery Group Inc.

*Western Pottery Group Inc. v. United States*, Court No. 15-00274.